USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
              :
In re M.M.U. of NEW YORK, LTD,          :        11 Misc. 65 (WHP)
              :
        Debtor.               :        ORDER
              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Appellant Gary Grieser seeks leave to appeal an interlocutory order of the United States Bankruptcy Court, Southern District of New York (Glenn, B.J.) denying without prejudice his motion to dismiss this Chapter 7 proceeding and denying his motion for sanctions as "frivolous." For the following reasons, Appellant's motion for leave to appeal is denied.

        28 U.S.C. § 158(a)(3) provides a district court with discretionary authority to hear an appeal of an interlocutory bankruptcy court order. 28 U.S.C. § 158(a)(3); In re Kassover, 343 F.3d 91, 94 (2d Cir. 2003). In deciding whether to grant leave to appeal an interlocutory order, courts in this district apply the standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals of district court orders. In re Adelphia Comm'cns Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005); In re Alexander, 248 B.R. 478, 483 (S.D.N.Y. 2000). Thus, in order for an interlocutory appeal to be granted, an order must "[1] involve a controlling question of law [2] over which there is substantial ground for difference of opinion," and the movant must also show that "[3] an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 158(a)(3). However, such appeals are "disfavored," In re Madoff, 08 Civ. 1789 (SAS), 2010 WL 3260074, at *3 (S.D.N.Y. Aug. 6 2010), and "[o]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until

after the entry of a final judgment," Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (quotations and alterations omitted).

"[T]he 'question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." Adelphia, 333 B.R. at 658; see also In re Poseidon Pool & Spa Recreational, Inc., 443 B.R. 271, 276 (S.D.N.Y. 2010) ("A factual determination by the Bankruptcy Court is accorded deferential review by this Court and is not a question of law as to which an immediate interlocutory appeal is appropriate . . . ."). Appellant's motion to dismiss in the Bankruptcy Court hinged on whether the Chapter 7 proceeding should be dismissed because it was filed for an "improper purpose"—to delay pending state court proceedings. Fed. R. Bankr. P. 9011. This is not a "pure question of law," but rather an inherently fact-based inquiry requiring a thorough and searching study of the record. Appellant's sanctions motion, which is also based on an alleged "improper purpose," requires a similarly factual inquiry.

Moreover, "the substantial ground for a difference of opinion [under § 1292(b)] must arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." Adelphia, 333 B.R. at 658 (quotations omitted). Here, appellant has not established that there is any genuine doubt as to the legal standard for determining whether an improper purpose exists. Nor could he, as this standard is entirely established and straightforward: whether the purpose was to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11; see also In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 227 (2d Cir. 1991) ("our review of the lower courts' application of Rule 9011 is informed by Rule 11 jurisprudence."). Indeed, Appellant inexplicably concedes that he cannot meet this prong of the

inquiry. (See Appellant Br. 5.) Nor does Appellant allege that the Bankruptcy Court applied an incorrect legal standard. Instead, Appellant's primary focus is the Bankruptcy Court's application of the appropriate standard.

Accordingly, Appellant's dissatisfaction with the Bankruptcy Court's ruling on its motion to dismiss does not warrant the grant of an interlocutory appeal. For the same reasons, Appellant's motion for sanctions is likewise not amenable to interlocutory review.

## CONCLUSION

For the foregoing reasons, Appellant's motion for leave to appeal the interlocutory order of the Bankruptcy Court is denied.

Dated: April 5, 2011
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*

*Copy Mailed To:*

Hon. Martin Glenn
*Bankruptcy Judge*